IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAYMOND L. BRUTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-736-SLR |
| | ) |
| RUSSEL D. BUSKIRK, CIVIGENICS, | ) |
| CSM MEDICAL DIVISION, JAY | ) |
| SYLVESTER, WARDEN RAPHAEL | ) |
| WILLIAMS, JAMES INCIADI, and | ) |
| COMMISSIONER STANLEY W. | ) |
| TAYLOR, JR., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 11th day of April, 2007, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the claims against Russel D. Buskirk, CiviGenics, CSM Medical Division, Warden Raphael Williams, James Inciadi, and Commissioner Stanley W. Taylor are dismissed, without prejudice, as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background**. Plaintiff Raymond L. Burton, an inmate at the Howard R. Young Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks

redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

4. **Discussion**. Plaintiff was a participant in the Key Program from August 30, 2005 until May 26, 2006, and "actually left the program on July 8, 2006." (D.I. 2). He alleges that while a participant he was not allowed daily outside exercise or daily gym exercise and, that during the entire period, he was allowed to exercise in the yard seven to eight times and exercise in the gym no more than ten times. Plaintiff alleges he has a chronic illness and doctors have ordered him to exercise daily. Plaintiff alleges that defendant Jay Sylvester ("Sylvester"), the Key Program Director, blamed the

Department of Correction ("DOC") for the lack of exercise and indicated that the DOC controlled the daily exercise of the inmates. Also named as defendants are Russel D. Buskirk ("Buskirk", CiviGenics ("CiviGenics"), CSM Medical Division ("CSM"), Warden Raphael Williams ("Warden Williams"), James Inciadi ("Inciadi"), and Commissioner Stanley W. Taylor, Jr. ("Commissioner Taylor").

5. **Exercise**. Although a deprivation of exercise may amount to a constitutional violation, a plaintiff's ability to succeed on such a claim depends heavily upon the length of his confinement, the period of the deprivation, and the likelihood of harm. Sweet v. South Carolina Dept. of Corrections, 529 F.2d 854, 866 (4th Cir. 1975). Cases holding that daily outdoor exercise is mandated by the Eighth Amendment caution that such exercise is not required if made impossible by "disciplinary needs." Spain v. Procunier, 600 F.2d 189, 199 (9th Cir.1979); Sweet, 529 F.2d at 861; Frazier v. Ward, 426 F.Supp. 1354, 1369 (N.D.N.Y. 1977).

6. **Personal Involvement/Respondeat Superior**. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Finally, Fed. R. Civ. P. 8(a) provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that

the pleader is entitled to relief.

7. The complaint contains no allegations directed towards Buskirk, CiviGenics, CSM, Warden Williams, Commissioner Taylor, and Inciadi. As the complaint now stands, Buskirk, CiviGenics, CSM, and Inciadi cannot adequately respond or defend any claims plaintiff attempts to raise against them. Therefore, the claims against them are dismissed.

8. Further, it appears that plaintiff seeks to hold Warden Williams and former Commissioner Taylor liable on the basis of their supervisory positions. Supervisory liability cannot be imposed under 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

9. There is nothing in the complaint to indicate that Warden Williams or former Commissioner Taylor were the driving force behind the conduct described in plaintiff's allegations. More so, the complaint does not indicate that they were aware of plaintiff's allegations and remained "deliberately indifferent" to his plight. Sample v. Diecks, 885 F.2d at 1118. Therefore, the court will dismiss without prejudice the claims against Warden Williams and Commissioner Taylor pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

10. **Conclusion**. Based upon the foregoing analysis, the claims against defendants Russel D. Buskirk, CiviGenics, CSM Medical Division, Warden Raphael Williams, James Inciadi, and Commissioner Stanley W. Taylor are dismissed, without prejudice, as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A. Plaintiff may proceed against defendant Jay Sylvester.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff has provided to the clerk of the court an **original** "U.S. Marshal-285" form for **defendant Jay Sylvester**, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Plaintiff has also provided the court with copies of the complaint (D.I. 2) for service upon defendant and the attorney general.**

3. The United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) so identified in each 285 form.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign

and return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_____
UNITED STATES DISTRICT JUDGE