**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RAYMOND L. BRUTON, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06-736- SLR |
| | ) | |
| v. | ) | |
| | ) | |
| DIRECTOR JAY SYLVESTER, et al. | ) | TRIAL BY JURY |
| | ) | OF SIX DEMANDED |
| Defendant. | ) | |

<u>**DEFENDANT JAY SYLVESTER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION
TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**</u>

Defendant, Jay Sylvester, requests Plaintiff's Complaint be dismissed, as a matter of law, and in

support thereof, avers as follows:

I.    **BRIEF PROCEDURAL HISTORY**

Pro Se inmate Plaintiff, Raymond L. Bruton, filed a complaint against several defendants,

including Moving Defendant Jay Sylvester, on December 4, 2006, alleging purported violations of his

civil rights during his incarceration at the Howard K. Young Correctional Institution. On December 14,

2006, this Court entered an Order permitting Plaintiff to proceed In Forma Pauperis.

Thereafter, on April 11, 2007, this Court, following a review of Plaintiff's Complaint dismissed

all claims against all defendants, <u>except</u> for Moving Defendant, Jay Sylvester. See, Complaint, a copy of

which is attached hereto marked Exhibit "A".

Plaintiff appears to claim violations of his Eighth Amendment Rights and purported violations of

his Fourteenth Amendment Rights. See, Complaint as Exhibit "A".

II.    **BRIEF FACTUAL HISTORY**

Plaintiff was incarcerated at the Howard R. Young Correctional Center. On August 30, 2005,

Plaintiff signed a contract to follow the rules and regulations of the Key Program. (Complaint, Statement

of Facts at ¶1). Plaintiff claims he had a history of high blood pressure and takes medication for the

condition, along with diabetes medication, two times a day. (Complaint, Statement of Facts at ¶2).

Plaintiff claims he was not permitted to go outside, and as a result, his 'health suffered'. (Complaint, Statement of Facts at ¶3).  Plaintiff left the Key Program on July 8, 2006.  (Complaint, Statement of Facts at ¶3).

Plaintiff made complaints and wrote grievances.  (Complaint, Statement of Facts at ¶4).  Plaintiff claims he should have had one hour recreation due to his chronic medical condition.  (Complaint, Statement of Facts at ¶4).    Plaintiff also claims the dorms were without air or sunshine.  (Complaint, Statement of Facts at ¶5).

As a result of the eleven (11) months in the Key Program, his medicine was increased because of the lack of exercise, and, he suffered weight gain, which is "not good for a chronic patient".  (Complaint, Statement of Facts at ¶6).

As set forth by Plaintiff, Moving Defendant, Jay Sylvester, the Director of the Key Program, explained that the Department of Corrections controlled the daily exercise which the residents were permitted to have.  (Complaint, Statement of Facts at ¶7).

Attached to the Complaint were exhibits which included a Memorandum from Sgt. Moody, of the Department of Corrections, advising that the grievance regarding outside recreation was already grieved by Plaintiff or another inmate. (See, Memorandum of Sgt. Moody).

Plaintiff claims he exhausted his administrative remedies by talking "to my Counselors in the Key Program, wrote grievance to Sgt. Moody."  Complaint, ¶ II.C.1.  Plaintiff claims that 'nothing was done by anyone".  Complaint, ¶ II.C.2.

III.    **LEGAL ANALYSIS**

A.    **Legal Standard**

In determining whether a motion to dismiss should be granted, a district court must accept as true, "all factual allegations in the Complaint and all reasonable inferences that can be drawn from them." Ransom v. Marrazzo, 848 F.2d 398, 401 (3rd Cir. 1988).  The court should grant the motion to dismiss if, "no relief could be granted under any set of facts which could be proved."  Id.  (Citing D.P.

Enterprises v. Bucks County Community College, 725 F.2d 943, 944 (3rd Cir. 1984)).  Rule 12(b)(6)

authorizes a court to dismiss a claim on the basis of a dispositive issue of law.  Thomas v. Ford Motor

Company, 70 F.Supp.2d 521 (E.D. 1999) (citing Neitzke v. Williams, 490 U.S. 319, 326-327 (1989).

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test

the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case.  Kost v.

Kozakiewicz, 1 F.3d 183 (3d Cir. 1993).  In particular, the Court looks to "whether sufficient facts are

pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice

to frame an answer."  Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988).  However,

the Court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion

to dismiss."  Morse v. Lower Merion School District, 132 F.3d 902, 906 (3rd Cir. 1997).

Defendant Sylvester asserts that Plaintiff's Complaint, taking the allegations as true for purposes

of this motion, without admitting the same, fail to state a claim upon which relief may be granted and

therefore, Plaintiff's claims should be dismissed as a matter of law.

**B.      Plaintiff Failed to Exhaust His Administrative Remedies As**
**         Required By The Prison Litigation Reform  Act**

Pursuant to the Prison Litigation Reform Act, prisoners must exhaust "such administrative

remedies as are available" before bringing actions "with respect to their prison conditions."  42 U.S.C. §

1997e(d)(2).  In an opinion authored by Justice Ginsburg, the United States Supreme Court held that this

exhaustion requirement applies to all inmate suits seeking redress for prison circumstances or

occurrences, whether the suits involved general circumstances or particular episodes, and whether the

suits alleged excessive force, actual physical prison conditions, or some other alleged wrongdoing.

Correction Officer Porter, et. al. v. Nussle, 534 U.S. 516 (2002).  The exhaustion requirement is

mandatory.  Id.  Moreover, *exhaustion* of administrative remedies means completing all available

appeals, even if prison officials do not respond.  See Davis v. Warman, et. al., 49 Fed. Appx. 365, 366

(3d Cir. 2002); Brown v. Morgan, F.3d 595, 596  (6th Cir. 2000).

Taking the facts as alleged by Plaintiff as true, for purposes of this motion only, without admitting the same, Plaintiff claims that he 'talked' to his counselors in the Key Program and wrote grievances to Sgt. Moody. He claims that 'nothing was done' as a result. Pursuant to the Memorandum of Sgt. Moody, of the Department of Corrections, the plaintiff or another inmate already filed another grievance addressing the lack of exercise.

The only supporting facts as they relate to Key Program, of which Mr. Sylvester was Director, was that he 'spoke' with some of his counselors. There are no allegations that Mr. Bruton pursued any administrative remedies regarding the Key Program or Mr. Sylvester. (Compare with his written grievance to Sgt. Moody). Additionally, even assuming that talking to the counselors was part of an administrative remedy, Mr. Bruton fails to allege that any decisions were rendered, or, any appeals were made.

Therefore, there are no facts alleged supporting that Mr. Bruton pursued or exhausted his administrative remedies.

Therefore, based upon the facts alleged in the Complaint, Plaintiff failed to pursue and exhaust his administrative remedies. Without having exhausted his remedies, including appeals, his claims must be dismissed, as a matter of law. See, Davis, supra.

C.    **Plaintiff's Claims for Eighth Amendment Violations Should be Dismissed as a Matter of Law.**

Plaintiff's claims for purported violations of his Eighth Amendment rights appear to stem from both his conditions of confinement relating to the inability to perform outdoor exercise, and, an alleged deliberate indifference to his medical needs. For the reasons set forth below, both claims fail, as a matter of law.

1.    **Plaintiff's Claim Relating to Exercise Fail as a Matter of law**

Plaintiff sets forth claims of alleged unhealthy environment relating to the inability to participate in outdoor exercise. While this alleged prohibition may have been unacceptable to Plaintiff, they do not

rise to the level of a constitutional violation for cruel and unusual punishment pursuant to the Eighth Amendment.

When determining whether conditions of confinement constitute cruel and unusual punishment, courts consider whether the conditions "involve the wanton and unnecessary infliction of pain [or are] grossly disproportionate to the severity of the crime warranting imprisonment." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). However, "[t]he Constitution …does not mandate comfortable prisons…and only those depriving the minimal civilized measure of life's necessities…are sufficiently grave to form the basis of and Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991)(quoting Rhodes, 452 U.S. at 347-349).

In Seiter, the Supreme Court clarified that to establish that prison conditions amount to cruel and unusual "punishment," a plaintiff must satisfy a two part test: (1) an objective component, considering whether the conditions were sufficiently serious to amount to a violation of the Eighth Amendment; and (2) a subjective component, considering whether the prison officials acted with "deliberate indifference" when imposing or failing to remedy such conditions. See Seiter 501 U.S. at 298, 303.

A deprivation of exercise may amount to a constitutional violation – but, the analysis depend heavily on the length of confinement, the period of deprivation, and the likelihood of harm. Sweet v. South Carolina Dept. of Corrections, 529 F.2d 854 (4th Cir. 1975).

Here, plaintiff claims the inability to participate in outdoor exercise. He claims that between August 30, 2005 and May 26, 2006, he was only permitted to go to the exercise yard 7-8 times, and, was permitted to go to the gym no more than 10 times.

Furthermore, according to Plaintiff's factual claims, taken as true, pursuant to Defendant Sylvester, the daily exercise was provided by the Department of Corrections, and not through the authority of Mr. Sylvester. See, Complaint as Exhibit "A".

Plaintiff's claims relating to a lack of exercise fail for two reasons. First, as affirmatively alleged by Plaintiff, the exercise regiment was controlled by a person/entity other than Moving

Defendant, Mr. Sylvester.

Second, Plaintiff was incarcerated in the Key Program for approximately 8 months.  Utilizing the factors set forth in <u>Sweet</u>, Plaintiff's allegations fail to meet a meritorious claim for a deprivation due to lack of exercise.  Not only was the period of deprivation minimal, he alleged several occasions where he was permitted to exercise outdoors and use the gym.  Furthermore, the likelihood of harm for any alleged deprivation was minimal.  Plaintiff indicated weight gain and changes in medications as a result.

Because Plaintiff has not alleged sufficient facts to sustain a violation of his rights for a purported failure to permit exercise, these claims must be dismissed, as a matter of law.

## 2. Deliberate Indifference to Medical Needs Claims Fail

In order for Plaintiff to recover for a claim of deliberate indifference to medical needs, he must prove an act or omission sufficiently harmful to evidence deliberate indifference to <u>serious</u> medical needs.  It is only such indifference that can offend 'evolving standards of decency" in violation of the Eight Amendment.  <u>Estelle v. Gamble,</u> 429 U.S. 97, 106, 97 S.Ct. 285, 292, 150 L.Ed2d 251 (1976).  More recently, the Supreme Court has addressed the standards to prove a claim of medical indifference.  See, <u>Farmer v. Brennan</u>, 511 U.S. 825, 114 S.Ct. 285, 128 L.Ed.2d 811 (1994). The Supreme Court, in <u>Farmer</u>, adopted a subjective standard, rather than an objective standard, to determine deliberate indifference.  In order for an official to be found liable pursuant to the Eighth Amendment, it must be proven that the official "knows of and disregards an excessive risk to inmate safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  <u>Farmer</u> at U.S. 837, S.Ct. at 1979.

Furthermore, Plaintiff must also establish that the  deprivation was sufficiently serious. See, <u>Nami v. Fauver</u>, 82 F.3d 63 (3rd Cir.1996).

A review of Plaintiff's allegations, taken as true for purposes of this motion only, reveal that he had a history of high blood pressure and diabetes for which he was required to take medication.  There are no allegations that he was *not* permitted to take his medications.  Rather, he alleges that the lack of

exercise lead to an increase in medication and weight gain.  These two elements do not constitute a

deliberate indifference to serious medical needs of plaintiff.  If anything, Defendants provided medical

care, as circumstantially, if he increased his medicine, those needs were being monitored and acted upon.

 Accordingly, Plaintiff's claims for Eighth Amendment violations for deliberate indifference to

medical needs must be dismissed, as a matter of law.

WHEREFORE, Plaintiff's claims for purported Eighth Amendment violations must be dismissed

as a matter of law.

> **D.      Plaintiff's Claims for Fourteenth Amendment Violations Should be Dismissed as a
> Matter of Law.**

Plaintiff also sets forth claims pursuant the Fourteenth Amendment.  Generally, these are for

either a procedural due process violation or a substantive due process violation.  Taking the facts of the

allegations as true, Plaintiff fails to state a claim for either a procedural or substantive due process

violation.

### 1.      Procedural Due Process Claims Fail

In order to state a cause of action for procedural due process, Plaintiff must show that he was

deprived of a protected interest, and that there were <u>not</u> adequate procedures in place to challenge such

deprivation.  <u>Taylor Investments Limited v. Upper Darby Township</u>, 983 F.2d 1285, 1293 (3rd Cir. 1993).

As set forth above, Plaintiff had adequate procedures in place, and pursuant to the Prison Reform Act, is

required to exhaust those administrative remedies before bringing the instant action.  As he has failed to

do so, he has not utilized the processes available to him and is therefore unable to set forth a meritorious

claim for procedural due process violations.

### 2.      Substantive Due Process Claims Fail

In order for plaintiff to establish a substantive due process violation, he must show that the

Defendant Sylvester deliberately deprived him of a right or an interest by an "arbitrary or capricious act."

<u>See</u>, <u>Taylor Investments</u>, supra. at 1290.  "A violation of a substantive due process right is proved (1) if

the government's actions were not rationally related to a legitimate government interest, or (2) if the

government's actions in a particular case were in fact motivated by bias, bad faith or improper motive…" Parkway Garage, Inc. v. City of Philadelphia, 5 F3d 685, 692 (3rd Cir. 1993), citing Midnight Sessions Limited v. City of Philadelphia, 945 F.2d 667, 683 (3rd Cir. 1991).  Cert. denied, 112 S.Ct. 1668 (1992).

Assuming the facts as alleged by Plaintiff to be true, without admitting the same, the claims are insufficient to support a substantive due process claim against Defendant Sylvester.  The only allegation referring to Mr. Sylvester, as director of the Key Program, is that he advised Plaintiff that exercise was controlled by the Department of Corrections.  There are no allegations that the Mr. Sylvester's actions were arbitrary and capricious or motivated by bias or bad faith.

WHEREFORE, Plaintiff's claim for Fourteenth Amended violations must be dismissed, as a matter of law.

### E.    Plaintiff's Claims Against Mr. Sylvester Must be Dismissed, as a Matter of Law.

A review of Plaintiff's Complaint fails to set forth a specific theory as against Mr. Sylvester. Interpreting the Pro Se Plaintiff's Complaint, he could be asserting a claim for personal involvement or on the basis of Mr. Sylvester's supervisory capacity.

Because Plaintiff alleged Mr. Sylvester was the Director of the Key Program, Defendants will interpret the claims as one against Mr. Sylvester in his supervisory capacity.  In this regard, supervisory liability can not be established in a §1983 matter on a theory of *Respondeat Superior*.  Monell v. Dept. of Soc. Serv. Of City of New York, 436 U.S. 658 (1978); Andrews v. City of Philadelphia, 895 F.2d 1469 (3rd Cir. 1990).  In Andrews, the Third Circuit explained two ways in which public entity policy or custom can be established.  First, the alleged conduct must demonstrate a "decision maker possessing final authority to establish municipal policy with respect to the action." Andrews at 1480.  Second, custom or policy can be shown through proof that a public entity or one of its high officials "…[approved] a subordinate's decision or the basis for it." Andrews at 1481 citing City of St. Louis v. Praprotniak, 485 U.S. 112, 127 (1976).

In the instant matter, there are no allegations to support a claim against Mr. Sylvester in his supervisory capacity. The only allegations relating to his decision making or authority, relate to the fact that the Department of Corrections are responsible for the exercise routines. There are no allegations that Mr. Sylvester, as director of the Key Program was the moving force behind any purported constitutional violation or that his actions constituted a deliberate indifference to plaintiff's needs.

Accordingly, all claims against Mr. Sylvester arising out of his supervisory capacity, should be dismissed, as a matter of law.

IV.    **CONCLUSION**

For all of the foregoing reasons, Defendant's Motion to Dismiss should be granted, as a matter of law, and, all claims against Jay Sylvester should be dismissed, with prejudice.

Reger Rizzo Kavulich & Darnall LLP


By:    */s/ Rochelle Libid Gumapac*
       Rochelle Libid Gumapac, Esquire
       Bar I.D. No. 4866
       Suite 202
       1001 Jefferson Street
       Wilmington, DE 19801
       (302) 652-3611 (phone)
       (302) 652-3620 (fax)
       rgumapac@rrkdlaw.com
       Attorneys for Defendant,
       Jay Sylvester

Dated: June 15, 2007

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RAYMOND L. BRUTON, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06-736- SLR |
| | ) | |
| v. | ) | |
| | ) | |
| DIRECTOR JAY SYLVESTER, et al. | ) | TRIAL BY JURY |
| | ) | OF SIX DEMANDED |
| Defendant. | ) | |

ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of Defendant Jay

Sylvester's Memorandum of Law in Support of his Motion to Dismiss Plaintiff's Complaint

Pursuant to F.R.C.P. 12(b)(6) and Plaintiff's response thereto, if any, it is hereby ORDERED and

DECREED that said Motion is GRANTED and Plaintiff's Complaint is dismissed, with

prejudice.

By The Court:

_____

J.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RAYMOND L. BRUTON, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06-736- SLR |
| | ) | |
| v. | ) | |
| | ) | |
| DIRECTOR JAY SYLVESTER, et al. | ) | TRIAL BY JURY |
| | ) | OF SIX DEMANDED |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

I, Rochelle Gumapac, Esquire hereby certify that on the 15th day of June 2007 a true and

correct copy of Defendant Jay Sylvester's Memorandum of Law in Support of his Motion to

Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. 12(b)(6) was electronically filed and served

via first class mail, postage prepaid, upon:

Raymond L. Bruton
SBI #069025
Unit 2-Q-21
H.R.Y.C.I.
PO Box 9561
Wilmington, DE 19809

Reger Rizzo Kavulich & Darnall LLP

By:    */s/ Rochelle Libid Gumapac*
        Rochelle Libid Gumapac, Esquire
        Bar I.D. No. 4866
        Suite 202
        1001 Jefferson Street
        Wilmington, DE 19801
        (302) 652-3611 (phone)
        (302) 652-3620 (fax)
        rgumapac@rrkdlaw.com
        Attorneys for Defendant
        Jay Sylvester

# E X H I B I T  "A"

302 577 3266          Public Defenders Office                                07:33:38    05-03-2007        5 /25





(Rev. 5/05)

### FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

(1) <u>Raymond L. Bruton, SBI#069025</u>
   (Name of Plaintiff)      (Inmate Number)

<u>H.R.Y.C.I., P.O. Box 9561, WILM. DE</u>
   (Complete Address with zip code)

(2) _____
   (Name of Plaintiff)      (Inmate Number)

      :
      :
      :
      :      0 6 - 7 3 6
      :
      :       (Case Number)
      :  ( to be assigned by U.S. District Court)

      (Complete Address with zip code)

(Each named party must be listed, and all names must be printed or typed. Use additional sheets if needed)

           vs.

(1) <u>Russel D. Buskirk</u>

(2) <u>CiviGenics</u>

(3) <u>CSM Medical Division</u>
      (Names of Defendants)

(Each named party must be listed, and all names must be printed or typed. Use additional sheets if needed)

      :
      :
      :    **CIVIL COMPLAINT**
      :
      :
      :
      :    ☒  Jury Trial Requested
      :    X
      :
      :               DEC 0 4 2006
      :

**I.   PREVIOUS LAWSUITS**

   A.   If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned.

      <u>Civ. NO 00ev-01032, JJF, 2000, December</u>

      _____

      _____

      _____

      _____

      _____

      _____

302 577 3266        Public Defenders Office                                    07:34:02    05~03-2007        6 /25

## Addictional Defendants

Director Jay Sylvester
CiviGenics Key Program (N)
H.R.Y.C.I.
PO Box 9561
Wilmington, DE 19809


Warden Raphael Williams
H.R.Y.C.I., POBox 9561
Wilmington, DE 19809

Mr. Stanely W. Taylor Jr.
Commissioner of Prison
245 Mckee Road
Dover, DE 19904

**II.    EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.    Is there a prisoner grievance procedure available at your present institution?  ☒ Yes  ☐ No

B.    Have you fully exhausted your available administrative remedies regarding each of your present claims?  ☒ Yes  ☐ No

C.    If your answer to "B" is <u>Yes</u>:

1.  What steps did you take? <u>I talk to my Counselors in the Key Program, wrote Grievances to Sgt. Moody,</u>

2.  What was the result? <u>Nothing was done by anyone:</u>

D.    If your answer to "B" is <u>No</u>, explain why not: _____

**III.    DEFENDANTS (in order listed on the caption)**

(1) Name of first defendant: <u>Russel D. Buskirk</u>

Employed as <u>CSMigenics- DE State Office</u>

Mailing address with zip code: <u>300 Water Street, Dover DE, 19904</u>

(2) Name of second defendant: <u>James Inciadi,</u>

Employed as <u>CSM Medical Division</u> at <u>University of Delaware</u>

Mailing address with zip code: <u>H.R.Y.C.I., P.O. Box 9561, Wilm. DE 19809</u>

(3) Name of third defendant: <u>Warden Rapael Williams</u>

Employed as <u>Warden</u>        at <u>H.R.Y.C.I., P.O. Box 95</u>

Mailing address with zip code: <u>61, Wilmington, DE 19809</u>

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

## IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1.          SEE Attach Statement of Facts:

 

 

 

2.          SEE Attached Statement of Facts:

 

 

 

3.          SEE Attached Statement of Facts:

 

 

 

## V.    RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1.          Plaintiff respectfully  request of the Court to be com-
pensated and request
          puntive damages against the defendants for their willful
          violation of Plaintiff rights to have exercise and the ᵂⁱ ᵃ
          right to breathe fresh air which denied Petitioners his
          14 Amendment and under his Eight Amendment created cruel

3

302 577 3266    Public Defenders Office                    07:35:30  05-03-2007    10 /25

## Key North Correctional Recovery Program
## Residents Weekly Schedule

| Day/Time | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday | Sunday |
|---|---|---|---|---|---|---|---|
| 0600 | Lights ON | Lights ON | Lights ON | Lights ON | Lights ON | Lights ON | Lights ON |
| 0630 | Breakfast | Breakfast | Breakfast | Breakfast | Breakfast | Breakfast | Breakfast |
| 0700 | Count | Count | Count | Count | Count | Count | Count |
| 0740 | Shower & Shave | Shower & Shave | Shower & Shave | Shower & Shave | Shower & Shave | Shower & Shave | Shower & Shave |
| 0800 | Count | Count | Count | Count | Count | Count | Count |
| 0830 | Education | Education | Education | Education | Education | | |
| 0830 – 0900 | Inspection AM Meeting | Inspection AM Meeting House I - Community Meeting | Inspection AM Meeting | Inspection AM Meeting House II - Community Meeting | Inspection AM Meeting | AM Meeting | AM Meeting |
| 0900-1100 Session I | House I & II Committees / Testing for Phase Movement | House II All Phases Peer Awareness / House I Commissary | House I All Phases Peer Awareness / House II Commissary | House I & II All Phases | All Phases Recreation Recovery Activities Committees | House I & II Phase I only Seminar | Individual Counseling |
| 1130 | Count | Count | Count | Count | Count | Count | Count |
| 1200 | Lunch | Lunch | Lunch | Lunch | Lunch | Lunch | Lunch |
| 1300-1430 Session II | House I & II All Phases | House II All Phases Self Discovery | House I & II All Phases | House I All Phases Self Discovery | House I & II All Phases Learn to Deal | House I & II Phase I only Intro to 12 Steps | Recovery Activities / Journaling / Free Time |
| 1500 & 1600 | Count | Count | Count | Count | Count | Count | Count |
| 1615 | Dinner | Dinner | Dinner | Dinner | Dinner | Dinner | Dinner |
| 1700-1730 | Committee Meeting | Individual Counseling | Committee Meeting | Individual Counseling | Committee Meeting | Individual Counseling | Individual Counseling |
| 1730-1830 | Individual Counseling | House I & II AA/NA | House I & II AA/NA | House I & II Phase III - RePac | House II only AA/NA | House I only AA/NA | House I & II AA/NA |
| 1800-1930 | | | | | House I Recreation | House II Recreation | |
| 2000-2030 | PM Meeting | PM Meeting | PM Meeting | PM Meeting | PM Meeting | PM Meeting | PM Meeting |
| 2300 | Lights OFF | Lights OFF | Lights OFF | Lights OFF | Lights OFF | Lights OFF | Lights OFF |

9/2/2004

302 577 3266        Public Defenders Office                                07:37:14    05-03-2007        14 /25

2.    and unusual punishment by not affording Petitioner his

     right to breath  good clean air and exercise,


3.    And finally, defendants denied Plaintiff in the Key Program

     North, of life, liberty or property, without due process

     of law, and denied Plaintiff within its jurisdictio the

     equal protection of the law.


I declare under penalty of perjury that the foregoing is true and correct.


Signed this  28  day of  November  , 2006 .

_Raymond L. Braton_
                                (Signature of Plaintiff 1)


                                (Signature of Plaintiff 2)


                                (Signature of Plaintiff 3)


4

## STATEMENT OF FACTS

On August 30, 2005, Petitioner sign a contract to follow the
rules and regulation of the Key(n) Program, upon Petitioners daily
schedule, no rules of recreation were included in the normalrrou-
tine of morning and afternoon classes that we as residents faith-
fully had to attend.

Petitioner has a history of chronic High Blood Pressure. Petit
ioner take High Blood pressure medicine daily. Petitioner has als
been diagnose for diabetes# 2  and Petitioner takes diabetes med-
icine twice a day.

Because Petitioner was not allowed outside for fresh air on a
daily basis nor allowed to go to the gymm for exercise on a daily
basis, petioner's health suffered. Petitioner graduated the Key
Program (N). Petitioner was in the Key (N) Program from August 30
2005, until May 26, 2006. Petitioner actually left the Key (N) Pr
Program on July 8, 2006. During that entire period, Petitioner wa
was allowed to go to the exercise yard around (7) to (8) times
in the Key(N) Program. Furthermore, Petitioner was allowed to the
Gym no more than 10 times during his stay in the Key(N) Program.

Petitioner complain to everyone, Petitioner wrote grievances
and petition the Key(N) Program's staff. However, no body would a
allow the Key Residents to exercise outside in the exercise yard
or go to the gym on a normal day to day, 1 hour recreation sche-
dule as petitoner should have had because of Petitioners chronic
sickness. Exercise is an important part of Chronic illness, 1/
half hour of walking a day, the doctors orders, Petitioner to do.
The only walking Petitioner was allowed to do was walking to the
groups in the Key arena and back to Petitioners bunk in the Dorm#
1 an Dorm# 1area, when Petitionet was moved for their own persona
reason.

The Dorm# 1 and Dorm# 2 were totally without any air from the
outside. The windows were closed up no one could get a good direc
view from outside an no sunshine what so ever. We were notallowed
to have a radio and the TV we had was taken so often, you got use
to not viewing a TV at all.

The eleven months Petitioner was living in the Key(N) Dorm#1
and Dorm#2 were eleven of the worst months in Petitioner's life.
Petitioners medicine was increased because of the lack of exer-
cise. Petitioners body suffered with weight gain which is not
good for a chronic patient to have because of the lack of exer-
cise.

The Key(N) Program Director blame DOC for the lack of exercise
provided to the Dorm#1 and Dorm#2, Director Jay Sylvester explain

302 577 3266          Public Defenders Office                                    07:35:01    05-03-2007        8/25

that DOC controlled the daily exercise which the residents were
allow to have; And we had to live with it on the conditions.
Never fully understanding whether DOC was at fault for the none
committement to exercise or was it the civil Genics Program for
their lack of care in providing leadership which would have con-
cern itself with the Key(N) problem of no exercise outside or
in the Gym during the period of August 30, 2005, to July 8,2006.


*Raymond L. Bruton*

Raymond L. Bruton
SBI# 069025 Unit 2-Q-21
H.R.Y.C.I., POBox 9561
Wilmington, DE 19809

Date: November 28 , 2006

STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
OFFICE OF THE GRIEVANCE CHAIRPERSON
1301 E. 12TH STREET
WILMINGTON, DE 19801

## MEMORANDUM

TO:        Inmate   _Raymond Briton_   _Dorm I_

FROM:    Sgt. Moody, Inmate Grievance Chairperson

DATE:    _2.27.06_

RE:       YOUR RECENT GRIEVANCE #06-_23786  gmp_

This memo is to inform you that the grievance submitted by you dated _2.20.06_, regarding
_____ _outside recreation_ _____ is not grievable for the following reason(s):

____ The complaint was addressed by the IGC: _____.

____ Security issue (involves the security and/or staffing of the Institution and/or the safety, health, and/or welfare of inmates, staff and the public).

____ Classification issues (security classification, jobs, transfers, programs, housing unit assignment). Classification has its own appeal process. The inmate must write to the Treatment/Classification Unit within seven (7) days after the inmate receives the Classification decision. The letter must state that the inmate is appealing the classification and clearly indicate the reasons the inmate disagrees with the classification decision.

____ Disciplinary issue. Disciplinary actions cannot be grieved but must be APPEALED within 24 hours of the Class I or Class II Hearing Decision. Complete an appeal form and mail it to the facility Hearing Officer within 24 hours of receiving the form. Please note that 24 loss of all privileges cannot be appealed.

____ Parole Board Decision. The inmate must write a letter to the Parole Board within 30 days of the Board's decision. Expressing the desire to appeal the decision and listing the reasons. The Parole Board's address is: Board of Parole, Carvel State Office Building, 820 N. French Street, 5th Floor, Wilmington, DE 19801.

____ Inmates cannot request or demand disciplinary action on staff. If you have a complaint regarding staff write a letter to that person's supervisor. In this case, that is:

_X_ This is an issue/complaint that has already been grieved by you or another inmate. _06-23041_

____ Grievance is unacceptable because it has passed the seven (7) day time frame allotted to file a grievance.

____ The grievance is a photocopy, carbon copy, written in pencil or red ink. Original grievance forms must be written in black or dark blue ink.

____ This complaint is addressed in the Inmate Handbook. Refer to the handbook page _____ for clarification and/or direction.

_____ Action request is inappropriate or not completed. Inmate must make an actual request, such as, request that an investigation be conducted (inmates are not forwarded results of investigations that involve staff conduct).

_____ Documentation must be attached to the grievance when it is resubmitted that supports allegations/complaint, such as commissary receipts, Form 537, etc. The IGC will make copies of items submitted with the grievance and return the originals to the inmate.

_____ This complaint should be addressed by submitting a sick call slip. If you are experiencing any type medical condition, please submit a sick call slip.

_____ Other: Requests are not processed through the grievance procedure.

_____ Other: Please be advised that you have submitted your grievance on the wrong form. Please re-submit using the correct grievance form.

cc:      file